**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**ONE 1996 CADILLAC DeVILLE AUTO-MOBILE Vin: 1G6KD52YXTU289790,**
**Defendant,**

**Charles W. Gavin, Claimant–Appellant.**

No. 04–60985.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 14, 2005.

James William Warren, Jr., Assistant U.S. Attorney, U.S. Attorney's Office

Northern District of Mississippi, Oxford, MS, for Plaintiff–Appellee.

Charles W. Gavin, Talladega, AL, pro se.

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

Charles Gavin, federal prisoner # 10867–042, appeals the denial of his FED. R.CIV.P. 60(b)(4) motion seeking to void the civil forfeiture of a 1996 Cadillac De-Ville, pursuant to 21 U.S.C. § 881(a)(6). We review the district court's ruling on a FED.R.CIV.P. 60(b)(4) motion de novo. *Carter v. Fenner,* 136 F.3d 1000, 1005 (5th Cir.1998). Gavin argues, pursuant to *United States v. James Daniel Good Real Property,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), that he was denied the predeprivation safeguards of notice and a hearing in violation of his due process rights. *Good* is inapposite, however, because that case dealt only with the seizure of real property. *Good,* 510 U.S. at 53, 114 S.Ct. 492; *cf. Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 679, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

The civil forfeiture of a vehicle is authorized by 19 U.S.C. § 1607(a). The record reveals that the Government satisfied the notice requirements of that statute when it published notification of the forfeiture in the local newspaper and personally served Gavin with the complaint for forfeiture.

---

Gavin's allegation that the record was devoid of such evidence is baseless.

**AFFIRMED.**

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under